

UNTED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

DAVID A. STEBBINS                                                                    PLAINTIFF

VS                              CASE NO. 1:14cv1267

TWO UNKNOWN NAMED
FEDERAL AGENTS OF THE                                                           DEFENDANTS
U.S. MARSHAL SERVICE

### EMERGENCY MOTION FOR PRELIMINARY INJUNCTION

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following Emergency Motion for Preliminary Injunction in the above-styled action.

1. Specifically, Plaintiff asks that the Court order a stay of execution of any/all warrants for Plaintiff's arrest that may have been issued by this court at the request of anyone from the U.S. Marshal Service, and also, to stay the consideration of any petitions for such warrants, and that this stay be in effect for the entire duration of this case.

2. Plaintiff has already provided weblinks to show that the subordinate agent has threatened to make up charges, so the Court already has the evidence at its disposal. For the convenience of the Court, however, and for the purposes of expediting this emergency motion, here are the weblinks again:

    https://www.youtube.com/watch?v=Q6WdEa5N4bs
    https://www.youtube.com/watch?v=w3aidsVpVxY

3. Plaintiff risks irreparable harm – up to and including starvation and death – if he gets arrested pursuant to the threats made by the soon-to-be-named Defendant in this case.

4. Plaintiff is not even in the same time zone as the Defendants are, let alone the same city. Thus, the subordinate agent is not even capable of making good on his threat to personally kidnap Plaintiff himself, even if he were serious about it.

5. However, that still does not stop him from making good on his threat to fabricate criminal charges against Plaintiff. He likely did not know that Plaintiff was recording the phone call, so when he expected to make up something to charge Plaintiff with (e.g. terroristic threatening), he probably expected it to just be his word against Plaintiff's, and a jury would most likely trust the word of the law enforcement officer over the word of the accused person who has every reason to lie.

6. Now, obviously, Plaintiff was not in any danger of being convicted, since he legitimately had proof that the subordinate agent had threatened to fabricate the charges. Thus, you may wonder why this Motion is so urgent.

7. The answer is simple: Although Plaintiff was not in any danger of being *convicted*, he WAS in danger – great danger – of being *arrested*. If an arrest warrant were issued, this Court would have sent a copy thereof to the United States District Court for the Western District of Arkansas for execution. Plaintiff would have been flown in to Virginia to stand trial, and the fact that Plaintiff is from out of state would mean that Plaintiff would likely be considered a flight risk.

8. Even a defendant who is exonerated does not come out of the altercation unscathed. He has still had to endure the psychological torture of being incarcerated.

9. Besides, Plaintiff had something even worse to fear. Even if Plaintiff was exonerated in whatever charges the subordinate agent drew up, the federal government would not be obligated to furnish transportation back to Plaintiff's home.

10. When citizens are arrested locally, this is bad enough. Those arrested, brought to the county jail, and subsequently released still have to furnish their own rides back to their homes, which is still annoying and unfair.

11. In this case, however, Plaintiff would have virtually no hope of returning home. He would be *stranded in Virginia*! Stranded there, all alone, with nowhere to stay, no one in the region he could contact, and no money with which to furnish a bus ride back home!

12. Thus, if the subordinate officer managed to fabricate any charges and get Plaintiff arrested, he would effectively KILL Plaintiff, win lose or draw! THAT is what Plaintiff is so afraid of!

13. Thus, because of the danger that this threat puts Plaintiff in, Plaintiff believes that one hundred thousand dollars for every day that this danger is not withdrawn is an appropriate amount of damages, since Plaintiff is – quite literally – scared for his life right now.

14. Thus, the only way to prevent Plaintiff from being **LITERALLY KILLED** is to stay the execution of any arrest warrants, and to stay the consideration of any petitions for same, until it can be conclusively determined whether or not these arrest warrants were based on fabricated charges.

15. Wherefore, premises considered, Plaintiff respectfully prays that this Emergency Motion for Preliminary Injunction be granted.

So requested on this, the 23rd day of September, 2014.

/s/ David Stebbins
David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com