# EXHIBIT
# A

**Barghaan, Dennis (USAVAE)**

| | |
|---|---|
| **From:** | David Stebbins <stebbinsd@yahoo.com> |
| **Sent:** | Thursday, May 28, 2015 12:47 PM |
| **To:** | Barghaan, Dennis (USAVAE) |
| **Subject:** | Re: Stebbins v. Devine, et al., No. 1:14cv1267 (E.D. Va.) |

I now have a follow-up question:

What makes your claim of qualified immunity exempt from sanctions under Fed.R.Civ.P. 11?

The test for qualified immunity is whether the law is clearly established. It's clearly established law that (1) I cannot be subjected to punishment (including incarceration) except for violating the law, and (2) there is no law against "yelling at" a federal agent over the phone.

---

**From:** "Barghaan, Dennis (USAVAE)" <Dennis.Barghaan@usdoj.gov>
**To:** David Stebbins <stebbinsd@yahoo.com>
**Sent:** Thursday, May 28, 2015 9:52 AM
**Subject:** RE: Stebbins v. Devine, et al., No. 1:14cv1267 (E.D. Va.)

Mr. Stebbins –

With respect to your first question, the Supreme Court has repeatedly held that government officials sued in their individual capacities cannot be subjected to, *inter alia,* discovery until and unless a Court has concluded that they are not entitled to qualified immunity.

Dennis Barghaan
Assistant U.S. Attorney
Eastern District of Virginia

---

**From:** David Stebbins [mailto:stebbinsd@yahoo.com]
**Sent:** Thursday, May 28, 2015 10:51 AM
**To:** Barghaan, Dennis (USAVAE)
**Subject:** Re: Stebbins v. Devine, et al., No. 1:14cv1267 (E.D. Va.)

Can you please answer my first question?  Why would the Court NOT set a discovery schedule?

---

**From:** "Barghaan, Dennis (USAVAE)" <Dennis.Barghaan@usdoj.gov>
**To:** David Stebbins <stebbinsd@yahoo.com>
**Sent:** Thursday, May 28, 2015 9:43 AM
**Subject:** RE: Stebbins v. Devine, et al., No. 1:14cv1267 (E.D. Va.)

Mr. Stebbins –

My prior email was just an attempt to clarify to what I could and could not agree.

As such, I will confirm again that I have no objection to you serving me with papers via email.

With that, I presume that I may represent your consent to the enlargement mentioned in my first email.

Dennis Barghaan

Assistant U.S. Attorney
Eastern District of Virginia

**From:** David Stebbins [mailto:stebbinsd@yahoo.com]
**Sent:** Thursday, May 28, 2015 9:46 AM
**To:** Barghaan, Dennis (USAVAE)
**Subject:** Re: Stebbins v. Devine, et al., No. 1:14cv1267 (E.D. Va.)

First of all, what do you mean when you say "should the Court order discovery to occur in the action?"  Why would the Court not order that?

Second, When you say you cannot consent to me filing, are you talking about me using the Court's ECF system to file things in the first instance?

If so, I never said you had the authority to override the Court and grant me that access.  In ever even implied that.

But, I need to serve YOU with copies of everything I file with the Court.

And I was asking for YOUR permission to serve YOU with those copies (pursuant to Fed.R.Civ.P. 5) over email.

**From:** "Barghaan, Dennis (USAVAE)" <Dennis.Barghaan@usdoj.gov>
**To:** David Stebbins <stebbinsd@yahoo.com>
**Sent:** Thursday, May 28, 2015 8:41 AM
**Subject:** RE: Stebbins v. Devine, et al., No. 1:14cv1267 (E.D. Va.)

Mr. Stebbins –

I have no objection to you serving materials on *me* – including discovery, should the Court order discovery to occur in the action -- via electronic mail.  Please note, however, that I cannot consent to allow you to *file* materials with the Court via electronic mail, and you will still need to follow the Court's procedures for filing.

Dennis Barghaan
Assistant U.S. Attorney
Eastern District of Virginia

**From:** David Stebbins [mailto:stebbinsd@yahoo.com]
**Sent:** Thursday, May 28, 2015 9:38 AM
**To:** Barghaan, Dennis (USAVAE)
**Subject:** Re: Stebbins v. Devine, et al., No. 1:14cv1267 (E.D. Va.)

In that case, that gives me some leverage to demand things.

Here's my proposal:  I'll consent to your enlargement if you will consent to conduct service of filings and discovery by email.

See, Virginia's local rules, for some reason, do not allow me to use the ECF to serve parties that are registered to file with it.  I still have to serve them, independently.

Consenting to service by email would significantly help reduce costs, and having them already in computer files (no conversion necessary) would make it much easier for me to organize it all.

What do you think?

**From:** "Barghaan, Dennis (USAVAE)" <Dennis.Barghaan@usdoj.gov>
**To:** David Stebbins <stebbinsd@yahoo.com>

2

**Sent:** Thursday, May 28, 2015 8:34 AM
**Subject:** RE: Stebbins v. Devine, et al., No. 1:14cv1267 (E.D. Va.)

Mr. Stebbins –

I obviously do not know how the Court will adjudicate the enlargement request in the absence of your consent.

Dennis Barghaan
Assistant U.S. Attorney
Eastern District of Virginia

---

**From:** David Stebbins [mailto:stebbinsd@yahoo.com]
**Sent:** Thursday, May 28, 2015 9:15 AM
**To:** Barghaan, Dennis (USAVAE)
**Subject:** Re: Stebbins v. Devine, et al., No. 1:14cv1267 (E.D. Va.)

Even if I do not consent, the Court is going to grant the enlargment anyway.

Right?

---

**From:** "Barghaan, Dennis (USAVAE)" <Dennis.Barghaan@usdoj.gov>
**To:** "stebbinsd@yahoo.com" <stebbinsd@yahoo.com>
**Sent:** Thursday, May 28, 2015 7:40 AM
**Subject:** Stebbins v. Devine, et al., No. 1:14cv1267 (E.D. Va.)

Mr. Stebbins –

I now represent Deputy Marshals Carter and Devine in the above-mentioned action.  As you noted for the Court in one of your recent filings, Deputy Devine has yet to be served with formal process in this action.  In the interest of good faith and in moving this litigation forward, I intend to inform the Court this morning of Deputy Devine's decision to waive formal service.

As of this notification, therefore, Deputy Devine would normally be entitled to 60 days, or until July 27, 2015, to file his response to your complaint.  Deputy Carter has been served, and his response to your complaint is due on or before May 29, 2015.

Because it only makes sense to file both Carter and Devine's responses together, at the same time that I inform the Court of Deputy Devine's decision to waive service, I will ask the Court to enlarge Deputy Carter's response time by ten days, or until June 8, 2015.  By that date, both Deputies will file their responses.

Consistent with my obligations under the Local Rules, I ask for your consent to this enlargement.  Thank you very much in advance.

Dennis Barghaan
Assistant U.S. Attorney
Eastern District of Virginia