# EXHIBIT
# A



Page 1

Not Reported in F.Supp.2d, 2009 WL 152708 (N.D.N.Y.)
**(Cite as: 2009 WL 152708 (N.D.N.Y.))**

**H**
Only the Westlaw citation is currently available.

United States District Court,
N.D. New York.
Kevin V. BYNG, Plaintiff,
v.
James L. CAMPBELL; Albany County Sheriff's
Department; Correctional Medical Services, Inc.;
Dr. Robnowitz; Dr. Salzman; Rich, R.N.; Debbie,
R.N.; Gloria Cooper; D. Delong; M. Rose; and Jill
Harrington, Defendants.

Civil Action No. 9:07–cv–471 (GLS/DRH).
Jan. 21, 2009.

West KeySummary**Federal Courts 170B** 2179

170B Federal Courts
    170BIII Case or Controversy Requirement
        170BIII(B) Particular Cases, Contexts, and
Questions
            170Bk2176 Criminal Justice
                170Bk2179 k. Imprisonment and incid-
ents thereof. Most Cited Cases
        (Formerly 170Bk13, 170Ak1825)
    Corrections officials' motion to dismiss a pris-
oner's complaint was denied as moot because the
prisoner had since filed an amended complaint. The
amended complaint superceded the original com-
plaint, as it added a new defendant and new claims.

Kevin Byng, Beacon, NY, pro se.

Roche, Corrigan Law Firm, Robert P. Roche, Esq.,
of Counsel, Albany, NY, for Albany County De-
fendants.

Thuillez, Ford Law Firm, Karen A. Butler, Esq.,
Kelly M. Monroe, Esq., William C. Firth, Esq., of
Counsel, Albany, NY, for Defendant Correctional
Medical Services, Inc.

***ORDER***

GARY L. SHARPE, District Judge.
    **\*1** The above-captioned matter comes to this
court following a Report–Recommendation by Ma-
gistrate Judge David R. Homer, duly filed Decem-
ber 16, 2008. Following ten days from the service
thereof, the Clerk has sent the file, including any
and all objections filed by the parties herein.

    No objections having been filed, and the court
having reviewed the Magistrate Judge's Re-
port–Recommendation for clear error, it is hereby

    ORDERED, that the Report–Recommendation
of Magistrate Judge David R. Homer filed Decem-
ber 16, 2008 is ACCEPTED in its entirety for the
reasons state therein, and it is further

    ORDERED, that defendants' motion to dismiss
(Dkt. No. 67) is DENIED as moot, and it is further

    ORDERED, that the Clerk serve a copy of this
order upon all parties by regular mail.

    IT IS SO ORDERED

**REPORT–RECOMMENDATION AND ORDER**
FN1

    FN1. This matter was referred to the un-
dersigned for report and recommendation
pursuant to 28 U.S.C. § 636(b) and
N.D.N.Y.L.R. 72.3(c).

DAVID R. HOMER, United States Magistrate Judge.
    Plaintiff pro se Kevin V. Byng ("Byng"), an in-
mate in the custody of the New York State Depart-
ment of Correctional Services ("DOCS"), brings
this action pursuant to 42 U.S.C. § 1983; the Amer-
icans with Disabilities Act, 42 U.S.C. § 12101 *et
seq.,* as amended ("ADA"); and the Rehabilitation
Act of 1973 (29 U.S.C. § 701, *et seq.*). Dkt. No. 1.
On April 9, 2008, defendants Correctional Medical
Services, Inc.; Gloria Cooper; Robnowitz; and
Salzman filed a motion to dismiss Byng's causes of

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 2009 WL 152708 (N.D.N.Y.)
**(Cite as: 2009 WL 152708 (N.D.N.Y.))**

action brought under the Americans with Disabilities Act and the Rehabilitation Act. Dkt. No. 67. By Memorandum–Decision and Order filed on October 20, 2008, this Court granted Byng permission to file an amended complaint which added a new defendant and new claims. Dkt. No. 99. The amended complaint was filed on October 21, 2008. Dkt. No. 100. Defendants Correctional Medical Services, Inc.; Gloria Cooper; Robnowitz; Salzman; and Jill Harrington have submitted an answer in response to the amended complaint. Dkt. Nos. 103, 104, 105. Defendants Correctional Medical Services, Inc.; Gloria Cooper; Robnowitz; Salzman; and Jill Harrington have also filed a motion for summary judgment seeking dismissal of the amended complaint. Dkt. No. 112.

An amended complaint supercedes a prior complaint. *Middlebrooks v. Conway,* No. 05–CV–0004, 2007 WL 2437118, at *5 n. 9 (W.D.N.Y. Aug. 21, 2007). "Typically, the filing of an amended complaint following the filing of a motion to dismiss the initial complaint moots the motion to dismiss." *Brown v. Napoli,* No. 07–CV–838, 2008 WL 4507590, at *2 (W.D.N.Y. Sep.29, 2008) (citing *Haywood v. Republic Tobacco, Co., L.P.,* NO. 05–CV–842A, 2007 WL 1063004 (W.D.N.Y. Apr.6, 2007)). Because defendants' motion to dismiss is addressed solely to Byng's **original** complaint, it is recommended that defendants' motion to dismiss (Dkt. No. 67) be **denied as moot.**

### Conclusion

For the reasons stated above, it is hereby **RECOMMENDED** that defendants' motion to dismiss (Dkt. No. 67) be **DENIED as moot.**

**\*2** Pursuant to 28 U.S.C. § 636(b)(1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette,* 984 F.2d 85, 89 (2d Cir.1993); *Small v. Sec'y of HHS,* 892 F.2d 15 (2d Cir.1989); 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72, 6(a), 6(e).

N.D.N.Y.,2009.
Byng v. Campbell
Not Reported in F.Supp.2d, 2009 WL 152708 (N.D.N.Y.)

END OF DOCUMENT

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.



Not Reported in F.Supp.2d, 1999 WL 528833 (E.D.Pa.)
**(Cite as: 1999 WL 528833 (E.D.Pa.))**

Only the Westlaw citation is currently available.

United States District Court, E.D. Pennsylvania.
Edward LORD and Helen Lord
v.
LIVING BRIDGES, et al.

No. CIV. A. 97–6355.
July 22, 1999.

### MEMORANDUM ORDER

WALDMAN, J.

**\*1** This is a "wrongful adoption" case. Plaintiffs allege that defendants intentionally, recklessly or negligently misled plaintiffs about the children whose adoption by plaintiffs was arranged or facilitated by defendants. Plaintiffs allege that defendants concealed the fact that these children had been seriously abused and were therefore likely to have significant psychological problems despite being told by plaintiffs that they were not capable of caring for adopted children with special needs. Presently before the court is the motion of defendant Sara del Valle to "dismiss service of process" which the court construes as a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(4) & (5) for insufficiency of process and of service.

Ms. del Valle is a citizen and resident of Mexico. She asserts that the attempted manner of service violated Mexican law, Article 8 of the Inter–American Convention on Letters Rogatory, Jan. 30, 1975, S. Treaty Doc. No. 27, 98th Cong., 2d Sess. (1984) and Article 4 of the Additional Protocol to the Inter–American Convention on Letters Rogatory, May 8, 1979, S. Treaty Doc. No. 98–27, 58 Fed.Reg. 31, 132 (1988). See 28 U.S.C. § 1781. Defendant's averments that the papers were served on an employee of Ms. del Valle's brother and contained no information regarding her time to respond or the consequences of a failure to respond are uncontroverted. No return of service was filed with the Clerk.

Plaintiffs submitted well beyond the time limit provided by L.R. Civ. P. 7.1(c) a response captioned "reply certification" which consists of a two-page affidavit by Kim Lizotte, a secretary employed by plaintiffs' counsel, and several referenced documents. Ms. Lizotte avers that on February 13, 1997 she spoke with an individual named Marco Tedesco at the Mexican consulate in Washington about the requirements for serving foreign process in Mexico. Ms. Lizotte avers that Mr. Tedesco faxed to her forms of letters rogatory and advised her to complete them, forward them to the Clerk of the Court and the United States Department of Justice for signature and then, upon their return, to forward them to the consulate in Washington for service in Mexico.

Ms. Lizotte avers that on April 17, 1997, she forwarded the letters rogatory to the Clerk of the Court and then upon their return forwarded "the Complaints and Letters Rogatory to the U.S. Department of Justice for service." She avers that on June 13, 1997 the pleadings were returned to counsel by the Justice Department with instructions that all pleadings had to be "in both english and mexican." Ms. Lizotte avers that counsel then "sent the paperwork out to be translated" and that "same was returned to us on May 13, 1998." Ms. Lizotte provides no explanation for why it took eleven months to have the documents translated. Ms. Lizotte states that "through all of this, I was directly working with Rufino Colt at the Office of Foreign Litigation and then to present [sic] with Marcella Chloe with regard to the requirements of this service." Ms. Lizotte avers that counsel then forwarded the letters rogatory to the Justice Department but they were returned on June 5, 1998 with a request for additional copies. Ms. Lizotte states that counsel sent the letters rogatory out at an unspecified later time and that on December 16, 1998, the Justice Department returned certification of service as to all of the Mexican defendants.

**\*2** Fed.R.Civ.P. 4(f) governs service of process

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 1999 WL 528833 (E.D.Pa.)
**(Cite as: 1999 WL 528833 (E.D.Pa.))**

on individuals in foreign countries. Under Rule 4(f), service of process is proper "by any internationally agreed means reasonably calculated to give notice" such as those authorized by the Hague Convention on the Service Abroad or Judicial and Extrajudicial Documents. The United States is a signatory to the Hague Convention. Mexico is not. Both countries are signatories to the Inter–American Convention on Letters Rogatory. Article 8 of the Inter–American Convention provides that:

> Letters rogatory shall be accompanied by the following documents to be delivered to the person on whom process, summons or subpoena is being served ...

> Written information identifying the judicial or other adjudicatory authority issuing the letter, indicating the time-limits allowed the person affected to act upon the request, and warning of the consequences of failure to do so.

> Inter–American Convention, Art. 8, § b.

Ms. Lizotte refers only to forwarding "the Complaints" with the letters rogatory. It appears that plaintiffs failed to forward a summons with notice of the pleading requirement and of the consequence of a failure to comply, let alone a summons translated into Spanish. As the documents which were served failed to provide notice of the time to respond or the consequences for failing to respond, the process was facially defective.

The Inter–American Convention is reprinted in every copy of the annotated United States Code. That counsel chose to rely on the understanding of others cannot excuse compliance with the Convention's provisions.

Article 4 of the Additional Protocol suggests that service must be made in a manner authorized by the law of the receiving state. Defendant submits that service on an employee of Ms. del Valle's brother is inconsistent with pertinent provisions of the Mexican Federal Code of Civil Procedure and Code of Civil Procedure for the Federal District of Mexico. Defendant has submitted copies of code provisions which, as they acknowledge, are "untranslated." Plaintiffs, however, have not questioned defendant's representation about the propriety of service on an employee of her brother. Once challenged, a plaintiff bears the burden of showing that service of process was sufficient. *See, e.g., Grand Entertainment Group, Ltd. v. Star Media Sales, Inc.,* 988 F.2d 476, 488 (3d Cir.1993). Plaintiffs have not done so.

Although not mentioned by either party, some courts have suggested that the Inter–American Convention is not the only permissible way to effect service of process on a defendant in another signatory country. *See Kreimerman v. Casa Veerkamp, S.A. de C.V.,* 22 F.3d 634, 644 (5th Cir.) (concluding that Convention does not preclude other forms of service while declining to decide what other methods, if any, might suffice), *cert. denied,* 513 U.S. 1016, 115 S.Ct. 577, 130 L.Ed.2d 492 (1994); *Tucker v. Interarms,* 186 F.R.D. 450, 1999 WL 170755, *2 (N.D.Ohio Jan.8, 1999); *Mayatextil, S.A. v. Liztex U.S.A., Inc.,* 1994 WL 198696, *5 (S.D.N.Y. May 19, 1994); *Pizzabioche v. Vinelli,* 772 F.Supp. 1245, 1249 (M.D.Fla.1991). Even assuming that a permissible alternate method of service exists, however, plaintiffs have made no showing that any such alternate method was attempted or that their deficient attempt to serve process by means of letters rogatory was sufficient under a permissible alternate method of service.

**\*3** Perhaps most importantly, the complaint in question was superseded by an amended complaint in which plaintiffs asserted two new claims. *See Austin v. Ford Models, Inc.,* 149 F.3d 148, 155 (2d Cir.1998) (amended complaint supersedes original complaint and "renders it of no legal effect"); *Duda v. Board of Educ. of Franklin Park Public School Dist. No. 84,* 133 F.3d 1054, 1057 (7th Cir.1998); *Phillips v. Dalton,* 1997 WL 24846, *5 n. 12 (E.D.Pa. Jan.22, 1997), aff'd, 157 F.3d 1026 (3d

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d, 1999 WL 528833 (E.D.Pa.)
**(Cite as: 1999 WL 528833 (E.D.Pa.))**

Cir.1998). There is no evidence or suggestion of service on defendant del Valle of the amended complaint. Indeed, a summons was issued on the amended complaint and forwarded to plaintiffs' counsel six months after Ms. Lizotte states a translation of the original complaint was forwarded with letters rogatory for service.

Because proper service of process on defendant del Valle would still appear to be feasible, the court will not dismiss the claims against her. Rather, the court will quash the defective service and give plaintiff a final opportunity properly to effect service. *See Umbenhauer v. Woog,* 969 F.2d 25, 30 (3d Cir.1992). Consistent with Fed.R.Civ.P. 4(f)(3), plaintiffs will be given 90 days properly to serve defendant del Valle by any means not prohibited by international agreement or applicable Mexican law.

**ACCORDINGLY,** this 22nd day of July, 1999, upon consideration of the Motion of defendant Sara del Valle to Dismiss Service of Process (Doc. # 26) and plaintiffs' response thereto, **IT IS HEREBY ORDERED** that said Motion is **GRANTED** in that the process served upon Ms. del Valle's brother's employee is **QUASHED** and plaintiffs shall have an additional 90 days properly to effect service of process in Mexico.

**IT IS FURTHER ORDERED** that although plaintiffs appear to have been less than diligent in pursuing the discovery in Mexico they say they need despite the assurance of cooperation in conducting discovery by Barbara Strickland, Esq., who represents the Mexican Ministry of Foreign Affairs, DIF and other Mexican governmental parties, the discovery deadline is extended to November 5, 1999 for the purpose of completing any necessary discovery in Mexico.

E.D.Pa.,1999.
Lord v. Living Bridges
Not Reported in F.Supp.2d, 1999 WL 528833 (E.D.Pa.)

END OF DOCUMENT

© 2015 Thomson Reuters. No Claim to Orig. US Gov. Works.