FILED MAILROOM
AUG 11 2015
CLERK, U.S. DISTRICT COURT
ALEXANDRIA, VIRGINIA

UNTED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

DAVID A. STEBBINS                                  PLAINTIFF

VS              CASE NO. **1:14-cv-01267-CMH-TCB**

RONALD CARTER AND
JOSHUA DEVINE                                  DEFENDANTS

### SUPPLEMENT TO ANSWER TO MOTION TO DISMISS

Comes now, *pro se* Plaintiff David Stebbins, who hereby submits the following Supplementary Briefing to his Answer to the Defendant's Motion to Dismiss, which was orally argued in Plaintiff's absence on July 24, 2015.

It is Plaintiff's understanding that this Court is taking additional time to consider the Defendant's Motion to Dismiss. Plaintiff fears, in light of past experiences, that the judge is attempting to investigating alternative grounds on which the case can potentially be dismissed. Plaintiff has had this happen to him before.

Plaintiff would like to politely remind the Court that *you can't do that*! Binding precedent in both the 4th Circuit and the U.S. Supreme Court has repeatedly upheld that affirmative defenses must be plead by the Defendant, or else they are waived.

See *Eriline Co. SA v. Johnson*, 440 F. 3d 648, 656 (4th Cir. 2006) ("Federal Rule 8(c) does not permit court to consider affirmative defenses *sua sponte*"); See also the U.S. Supreme Court case of *Baldwin County Welcome Center v. Brown*, 466 US 147, 163 (1984) ("since petitioner never set forth the affirmative defense of the statute of limitation pursuant to Rule 8(c) (though it 'reserved' the right to do so) nor moved to dismiss the Title VII claims as time-barred under Rule 12(b), the District Court erred in dismissing these claims *sua sponte*").

The Defendant has, at least for purposes of the currently-pending Motion to Dismiss,

raised on affirmative defense, and one alone: Qualified immunity. If that defense fails, the Motion to Dismiss gets denied.

Then, the Defendants have to file an Answer to Complaint. When that happens, they can raise as many affirmative defenses as they want! See Fed.R.Civ.P. 8(d)(3) ("A party may state as many separate claims or defenses as it has, regardless of consistency"). However, even then, the Court would still be restricted to the use of whatever defenses the Defendants choose to raise.

This Court has granted Plaintiff's application for leave to proceed *in forma pauperis*. It's window of opportunity to dismiss Plaintiff's complaint, *sua sponte*, for its own affirmative defenses has passed. Now, this Court has to restrict itself to resolving only the disputes that are actually put before it by the parties.

Wherefore, premises considered, Plaintiff respectfully prays that the Motion to Dismiss be denied.

David Stebbins
123 W. Ridge St.,
APT D
Harrison, AR 72601
870-204-6516
stebbinsd@yahoo.com