IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

**Alexandria Division**

| | |
|---|---|
| DAVID A. STEBBINS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 1:14-cv-1267 |
| | ) |
| | ) |
| RONALD CARTER, et al., | ) |
| | ) |
|     Defendants. | ) |
| | ) |

**ORDER**

THIS MATTER comes before the Court on Defendant's Motion to Dismiss. Because Plaintiff has failed to state a claim upon which relief can be granted, dismissal of his amended complaint is warranted.

On September 22, 2014, David Stebbins ("Plaintiff") placed a phone call to the United States Marshals Service office in the Eastern District of Virginia. After inquiring about service of process in a separate case he had pending before this Court, Plaintiff was transferred to "a man with a grouchy voice." Plaintiff alleges this man, later identified as Joshua Devine, advised him that he was in charge of the cellblock and that unless Plaintiff had an inquiry about an inmate or was turning himself in pursuant to a warrant, he needed to "stop wasting [Devine's] time."

Plaintiff alleges that after he informed Devine he did not intend to call the cellblock,[1] Devine cut him off and stated: "Let me straighten something out for you, okay? You yell at me on the phone, I will personally seek you out and file a charge against you and make you a member of the cellblock. Are we clear?" In response, Plaintiff attempted to explain his First Amendment rights to Devine, but Devine again interrupted him, asking "First of all: Are we clear?"[2]

During a second phone call later that day, Plaintiff lodged a complaint with Ronald Carter, a supervisor in the U.S. Marshals Office, about his conversation with Devine. Carter indicated he would "talk to" Devine, but that he had no intention of disciplining him.

Plaintiff filed his initial complaint on September 25, 2014, alleging the following counts: I) First Amendment retaliation; and II) common law terroristic threatening by Devine. Carter was included as a defendant for his "tacit authorization" of Devine's actions. Upon certification that Carter and Devine were employees of the federal government

---

[1] Plaintiff indicates that he assumes the term "cellblock" is "the Eastern District of Virginia's slang term for [a] Federal Prison." In all likelihood, Devine was referencing the cellblock located inside the Alexandria Division courthouse.

[2] Plaintiff's initial complaint (which he incorporates by reference into his amended complaint) and his amended complaint contain YouTube links purported to be recordings of his conversations with the U.S. Marshals. None of the links contains the conversation between Plaintiff and Devine. However, because the Court accepts all of Plaintiff's factual allegations as true on a motion to dismiss, these recordings are unnecessary to resolve Defendant's motion.

acting within the scope of their employment at the time of the events giving rise to Plaintiff's complaint, the United States of America substituted itself by operation of law in place of Carter and Devine with regard to Count II on June 8, 2015. See 28 U.S.C. § 2679(d)(1).

On June 8, 2015, Carter, Devine, and the United States ("Defendants") moved to dismiss Plaintiff's initial complaint. Their memorandum supporting this motion referred to Plaintiff as an "abusive filer" and cited a complaint he had brought in the United States District Court for the Western District of Arkansas alleging a Rehabilitation Act violation. In response, Plaintiff amended his initial complaint to add a third cause of action; retaliation under the Rehabilitation Act. Plaintiff seeks $100,000 in compensatory damages for each day Devine's threat goes unwithdrawn along with $16,460,346.02 in punitive damages.³ Defendants now move to dismiss the amended complaint under FED. R. CIV. P. 12(b)(6) for failure to state a claim upon which relief can be granted.

To survive a motion to dismiss, a complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Although a court considering a motion to

---

3 This amount is based on the award of $10,000,000 in punitive damages that was affirmed by the Supreme Court in TXO Prod. Corp. v. Alliance Res. Corp., 509 U.S. 443 (1993). Plaintiff states his punitive damages claim represents $10,000,000 in 1993 adjusted for inflation.

dismiss must accept all well-pled factual allegations as true, this deference does not extend to legal conclusions. Neither "naked assertions devoid of further factual enhancement" nor "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" suffice. Id. After Iqbal, complaints are required to allege "a *plausible* claim for relief" instead of merely stating facts that leave open "the *possibility* that a plaintiff might later establish some set of undisclosed facts to support recovery." McCleary-Evans v. Md. Dep't of Transp., State Highway Admin., 780 F.3d 582, 587 (4th Cir. 2015) (emphasis in original). In sum, the plausibility standard is the touchstone by which a complaint's adequacy is determined.

Because Carter and Devine are employed by the federal government, the Court must determine whether they are covered by the doctrine of qualified immunity, which provides "an *immunity from suit* rather than a mere defense to liability[.]" Mitchell v. Forsyth, 472 U.S. 511, 526 (1985) (emphasis in original). Qualified immunity "shields government agents from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Behrens v. Pelletier, 516 U.S. 299, 305 (1996). In sum, any of Plaintiff's allegations that do not plausibly indicate Carter and Devine violated his

clearly established rights must be dismissed. In order to show the violation of a clearly established right, Plaintiff must show "precedent, either from the Supreme Court, the [United States Court of Appeals for the Fourth Circuit], or a consensus of cases from other circuits, [that] puts the officer on notice that his conduct is unconstitutional." Altman v. City of High Point, 330 F.3d 194, 210 (4th Cir. 2003).

The Court now turns to Count I of Plaintiff's amended complaint. "The First Amendment right of free speech includes not only the affirmative right to speak, but also the right to be free from retaliation by a public official for the exercise of that right." Constantine v. Rectors & Visitors of George Mason Univ., 411 F.3d 474, 499 (4th Cir. 2005) (quoting Suarez Corp. Indus. v. McGraw, 202 F.3d 676, 685 (4th Cir. 2000)). In order to recover for First Amendment retaliation, Plaintiff must allege: 1) he engaged in First Amendment activity; 2) Defendants took action that adversely affected his First Amendment rights; and 3) a causal relationship between his protected activity and Defendants' conduct. Id.

Qualified immunity protects Carter and Devine from liability on Count I, as neither violated a clearly established right of which they had notice at the time. Moreover, Plaintiff has not alleged a plausible claim of First Amendment retaliation. Assuming Plaintiff's phone call was First Amendment

activity, he has not alleged that Devine's comments were "more than a *de minimis* inconvenience to [his] exercise of First Amendment rights." Constantine, 411 F.3d at 500. Because Plaintiff's claim against Devine fails, his "tacit authorization" claim against Carter fails a fortiori.

Turning now to Count II, Plaintiff's allegation of terroristic threatening under Virginia common law is analyzed under the Federal Tort Claims Act ("F.T.C.A.") due to the United States' substitution of itself for Carter and Devine. In order to bring an F.T.C.A. lawsuit in district court, Plaintiff "shall have first presented the claim to the appropriate Federal agency…." 28 U.S.C. § 2675(a). Here, Plaintiff has not brought an administrative claim to the U.S. Marshals Office. Thus, Count II must be dismissed. Moreover, even if Plaintiff had exhausted his administrative remedies, his claim would still fail as he has not identified a duty that was breached or damages resulting from that breach.

Finally, Count III fails as well. For the reasons stated in the discussion of Count I supra, Carter and Devine are again protected by qualified immunity. Even if they were not, the Rehabilitation Act clearly does not proscribe the citation of any case in the drafting of a legal argument. Put simply, Count III is frivolous.

Plaintiff's complaint does not state a claim upon which relief can be granted. Therefore, it is hereby

ORDERED that Defendants' Motion to Dismiss is GRANTED.

/s/ Claude M. Hilton
CLAUDE M. HILTON
UNITED STATES DISTRICT JUDGE

Alexandria, Virginia
August 17, 2015